## Helen Miller, Defendant in Error, v. Maybelle Baylis, Plaintiff in Error.

### Gen. No. 18,579. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October, term. Reversed and remanded. Opinion filed March 11, 1914.

### Statement of the Case.

Action by Helen Miller against Maybelle Baylis to recover damages for breach of contract of employment by the wrongful discharge of plaintiff. From a judgment for plaintiff for one hundred and fifty dollars, defendant brings error.

G. RAYMOND COLLINS, for plaintiff in error.

BERT D. WING, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 50*—*when evidence insufficient to show discharge of employe.* In an action for breach of contract of employment by discharge without cause before the expiration of the term of employment, where plaintiff's testimony that she was discharged was contradicted by defendant who testified that she had merely criticised her work, telling her that she would have to do better if she expected to continue her work, the latter testimony being corroborated by two witnesses, it was *held* that a verdict for plaintiff was against the clear preponderance of evidence.

2. MASTER AND SERVANT, § 50*—*when preponderance of evidence shows justifiable discharge.* In an action for breach of contract of employment by discharge without cause within the term of employment, where defendant's testimony as to the unsatisfactory character of plaintiff's work was not contradicted, it was *held* that a clear preponderance of the evidence tended to show that the discharge was not wrongful.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

3. MASTER AND SERVANT, § 47*—*who has burden of proving that discharge of servant was justified.* The burden of showing good and sufficient grounds for discharge rests upon the employer invoking such a defense, when the servant has proved the contract, its performance up to the time of his discharge and his readiness to perform at the time of the discharge.

4. MASTER AND SERVANT, § 48*—*when prior contract of employment admissible in action for wrongful discharge.* In an action for breach of contract of employment by wrongful discharge, a prior contract of employment between plaintiff and another is admissible where there is evidence that the terms of the present employment were to be determined by such contract.